935 A.2d 527 (2007)
396 N.J. Super. 472
Bienvenido MOREL, Plaintiff-Appellant
v.
STATE FARM INSURANCE COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 2007.
Decided November 16, 2007.
Joseph P. Kreoll, argued the cause for appellant (Flores Sternick Poosikian, LLC, attorneys; Edwin Flores, of counsel, Hawthorne; Mr. Kreoll, on the brief).
Cheryl A. Binosa, argued the cause for respondent (Melli, Guerin & Wall, P.C., attorneys; Kenneth L. O'Donnel, Jr., of counsel; Mr. O'Donnel and Ms. Binosa, on the brief).
Before Judges COBURN, GRALL and CHAMBERS.
The opinion of the court was delivered by
COBURN, P.J.A.D.
On May 11, 2005, plaintiff filed a demand for arbitration of his claim for $2,100 in personal injury protection benefits ("PIP"). The question to be resolved by the arbitrator was whether plaintiff was in his car at the time of the accident. The arbitrator rejected plaintiff's claim, ruling in favor of his insurer, defendant State Farm Insurance Company.
Plaintiff challenged the arbitrator's ruling in the Law Division pursuant to The *528 New Jersey Alternative Procedure for Dispute Resolution Act, N.J.S.A. 2A:23A-1 to -30 ("APDRA"). He argued that the arbitrator made two legal errors. The first was applying collateral estoppel to bar his claim based on an earlier decision by another arbitrator who considered and rejected a claim by one of plaintiff's medical providers. The second was failing to require State Farm to bear the burden of proof on its contention that plaintiff's claim was fraudulent. In addition, plaintiff argued that the arbitrator's decision was not supported by substantial evidence.
At the hearing on plaintiff's application to vacate the award, the Law Division judge indicated that he would reserve judgment and "take a further look . . . at the arguments." He then said that his review was limited to considering whether the arbitration was marred by "fraud, corruption, conflict of interest, et cetera. . . ." Since plaintiff had made no such allegations, the judge concluded by indicating that the arbitration would be confirmed unless "[he] came up with . . . something else," in which case he would so indicate in a subsequent ruling. Thereafter, without expressing any further opinions on the matter, the judge filed an order confirming the arbitration. Plaintiff appeals, and we reverse.
The relevant subsections of the APDRA governing challenges to an arbitration award by a party who participated in the arbitration proceedings appear in N.J.S.A. 2A:23A-13, and provide as follows:
b. In considering an application for vacation, modification or correction, a decision of the umpire on the facts shall be final if there is substantial evidence to support that decision; provided, however, that when the application to the court is to vacate the award pursuant to paragraph (1), (2), (3), or (4) of subsection c., the court shall make an independent determination of any facts relevant thereto de novo, upon such record as may exist or as it may determine in a summary expedited proceeding as provided for by rules adopted by the Supreme Court for the purpose of acting on such applications.
c. The award shall be vacated on the application of a party who either participated in the alternative resolution proceeding or was served with a notice of intention to have alternative resolution if the court finds that the rights of that party were prejudiced by:
(1) Corruption, fraud or misconduct in procuring the award;
(2) Partiality of an umpire appointed as a neutral;
(3) In making the award, the umpire's exceeding their power or so imperfectly executing that power that a final and definite award was not made;
(4) Failure to follow the procedures set forth in this act, unless the party applying to vacate the award continued with the proceeding with notice of the defect and without objection; or
(5) The umpire's committing prejudicial error by erroneously applying law to the issues and facts presented for alternative resolution.
. . . .
f. Whenever it appears to the court to which application is made, pursuant to this section, either to vacate or modify the award because the umpire committed prejudicial error in applying applicable law to the issues and facts presented for alternative resolution, the court shall, after vacating or modifying the erroneous determination of the umpire, appropriately set forth the applicable law and arrive at an appropriate determination under the applicable facts determined by the umpire. The court *529 shall then confirm the award as modified.
As noted, the only claims made by plaintiff to the trial court in this case were that the arbitrator's findings were not supported by substantial evidence, N.J.S.A. 2A:23A-13(b), and that the arbitrator "committ[ed] prejudicial error by erroneously applying law to the issues and facts. . . ." N.J.S.A. 2A:23A-13(c)(5). Although we have some difficulty in understanding the judge's reasoning, one conclusion is unavoidable: the judge did not rule at all on plaintiff's specific claims.
On appeal, plaintiff argues that the judge erred by failing to apply the relevant provisions of the APDRA, and that the arbitrator erred by placing the burden of proof on plaintiff. Defendant argues that plaintiff has no right to appeal under the APDRA, and that the judge applied the correct standards of review.
Logic impels us to consider first whether plaintiff has a right to appeal from a judge's order issued pursuant to the APDRA. In general, the answer is no because N.J.S.A. 2A:23A-18 states that once the judge has entered an order "confirming, modifying or correcting an award . . . [t]here shall be no further appeal or review. . . ." But the story does not end there.
While considering this section of the APDRA, the Supreme Court concluded that although appellate review is generally not available, there are exceptions. Mt. Hope Dev. Assoc. v. Mt. Hope Waterpower, 154 N.J. 141, 152, 712 A.2d 180 (1998). One example identified by the Court is a child support order, ibid.; another example is an award of attorneys fees. Allstate Ins. Co. v. Sabato, 380 N.J.Super. 463, 472-76, 882 A.2d 972 (App.Div.2005). But in the course of its opinion in Mt. Hope, supra, the Court also said that there may be other circumstances "where public policy would require appellate court review." 154 N.J. at 152, 712 A.2d 180. In that regard, the Court gave as an example review necessary for it to carry out its "supervisory function over the courts." Ibid.
Plaintiff was entitled to a ruling applying the relevant statutory standards. Had the judge made such a ruling, the proper course would be dismissal of the appeal under N.J.S.A. 2A:23A-18. But the statutory denial of a right to appeal to this court is based on the assumption that the trial judge will decide the case by applying the principles dictated by the Legislature. When a judge fails to carry out that legislative direction, as occurred here, our supervisory role requires consideration of the appeal and reversal and remand for application of the statutory standards. Otherwise, the statute would be rendered meaningless.
In light of our determination on this point, we will not consider the other points raised by the parties. Obviously, they are matters that this legislative scheme commits solely to the trial bench.
Reversed and remanded for further proceedings consistent with this opinion.