988 A.2d 1214 (2010)
412 N.J. Super. 99
FORT LEE SURGERY CENTER, INC. a/s/o Brent Keys, Plaintiff-Respondent,
v.
PROFORMANCE INSURANCE COMPANY, Defendant-Appellant.
Docket No. A-1192-08T2
Superior Court of New Jersey, Appellate Division.
Telephonically argued January 11, 2010.
Telephonically reargued January 28, 2010.
Decided February 22, 2010.
*1215 Daniel T. Towell argued the cause for appellant (Pringle, Quinn, Anzano, attorneys; Thomas O. Mulvihill, of counsel; Mr. Towell, on the brief).
S. Gregory Moscaritolo, River Edge, argued the cause for respondent.
Before Judges AXELRAD, FISHER and SAPP-PETERSON.
The opinion of the court was delivered by
FISHER, J.A.D.
This is an appeal of a trial judge's modification of an award issued by an arbitrator pursuant to the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30. We must again respond to the troubling question of whether this court has jurisdiction in light of N.J.S.A. 2A:23A-18(b), which declares that, following the trial court's judgment, "[t]here shall be no further appeal or review...."
Because we conclude that the appeal must be dismissed, we need only briefly describe the contours of the parties' disputes. The record reveals that, as a result of injuries sustained in a motor vehicle accident, Brent Keys underwent a series of lumbosacral epidural steroid and trigger point injections at plaintiff Fort Lee Surgery Center's facilities. Defendant Proformance Insurance Company claimed that this treatment was not medically necessary and declined payment. Fort Lee demanded arbitration pursuant to APDRA.
Following a hearing, the arbitrator rendered a written decision explaining why he denied Fort Lee's claim. The arbitrator concluded, based on the reports of three physicians, that Fort Lee's services did not meet the standards of medical necessity contained in N.J.S.A. 39:6A-2(m) and N.J.A.C. 11:3-4.2. The arbitrator also rejected *1216 Fort Lee's argument that prior awards rendered in Keys's favor prevented Proformance from further litigating the issue of medical necessity.
Fort Lee thereafter commenced this action, seeking the trial court's review of the arbitrator's decision. In a summary proceeding, the judge rendered a brief oral decision in which she concluded that the arbitrator's decision was "truly one that is unfair." The judge then addressed the merits and agreed with Fort Lee that Proformance should have been estopped from contesting whether the services were medically necessary.
Proformance appealed. We remanded because we were uncertain whether the trial judge had confined herself to the grounds set forth in N.J.S.A. 2A:23A-13. Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., No. A-3120-06T1, 2007 WL 4355512 (App.Div. December 12, 2007). Following our remand, the trial judge issued a written decision; she invoked the language of N.J.S.A. 2A:23A-13 and found that the arbitrator "prejudicially erred" by failing to apply the doctrine of collateral estoppel to bar further consideration of whether the treatment was medically necessary and, also, by misapprehending the meaning of medical necessity as applied to the facts. In correcting these errors, the judge made her own determination, as permitted by N.J.S.A. 2A:23A-13(f), that the treatment was medically necessary.
Proformance again appealed. Consequently, we again consider the scope of our jurisdiction in light of N.J.S.A. 2A:23A-18(b).[1] To be sure, there are exceptions to APDRA's elimination of appellate review in such matters. In Mt. Hope Development Associates v. Mt. Hope Waterpower Project, 154 N.J. 141, 151-52, 712 A.2d 180 (1998) (citing Faherty v. Faherty, 97 N.J. 99, 109, 477 A.2d 1257 (1984)), the Supreme Court recognized, for example, that APDRA's limitation on appellate review does not apply to child support issues[2]; the Court also held that "there may be other limited circumstances where public policy would require appellate court review."[3]
In Morel v. State Farm Insurance Co., 396 N.J.Super. 472, 475, 935 A.2d 527 (App.Div.2007), we applied this supervisory-function exception where a trial judge applied the wrong standard of review and "did not rule at all on plaintiff's specific claims." In explaining the narrow scope of our role in that instance, we held that parties are "entitled" to a ruling from the trial judge that applies "the relevant statutory standards," id. at 476, 935 A.2d 527, and that the Legislature's denial of a right to appeal to this court

*1217 is based on the assumption that the trial judge will decide the case by applying the principles dictated by the Legislature. When a judge fails to carry out that legislative direction, ... our supervisory role requires consideration of the appeal and reversal and remand for application of the statutory standards. Otherwise, the statute would be rendered meaningless.
[Ibid.]
In adhering to these principles, we have twice dismissed appeals since Morel. In New Jersey Citizens Underwriting Reciprocal Exchange v. Kieran Collins, D.C., LLC, 399 N.J.Super. 40, 50, 942 A.2d 864 (App.Div.), certif. denied, 196 N.J. 344, 953 A.2d 763 (2008), we dismissed because there was no evidence that the trial judge failed to "steer[ ] a course well within" the trial court's limited scope of review. And, in Riverside Chiropractic Group v. Mercury Insurance Co., 404 N.J.Super. 228, 240, 961 A.2d 21 (App.Div.2008), we dismissed because it was not shown that the trial judge "commit[ted] any glaring errors that would frustrate the Legislature's purpose in enacting the APDRA."
As these authorities demonstrate, our role is to determine whether the trial judge acted within APDRA's bounds. If so, then we are bound by N.J.S.A. 2A:23A-18(b) to dismiss the appeal. Here, the judge held that the arbitrator committed "prejudicial error"a circumstance that authorizes a trial court's intervention. N.J.S.A. 2A:23A-13(c)(5) and (f). In her written opinion, the judge explained how the earlier arbitration awards involving the treatment of Keys precluded a finding that Fort Lee's services were not medically necessary; the judge also articulated how the arbitrator applied a too restrictive view of what type of treatments are medically necessary. Because the judge applied one of the statutory bases for vacating, modifying or correcting an arbitration award, we have no cause to invoke our supervisory function.
Certainly, not every instance in which a judge utters the phrase "prejudicial error" will preclude appellate review. The exercise of our supervisory function cannot be talismanically eliminated by the mere invocation of the words of the statute. But, when a trial judge is able to provide a rational explanation for how the arbitrator committed prejudicial error, N.J.S.A. 2A:23A-18(b) requires a dismissal of an appeal of that determination regardless of whether we may think the trial judge exercised that jurisdiction imperfectly. Any broader view of appellate jurisdiction would conflict with the Legislature's expressed desire in enacting APDRA to eliminate appellate review in these matters.
Here, the judge articulated how the arbitrator committed prejudicial error by refusing to apply the doctrine of collateral estoppel and by adopting what the judge found to be an incorrect definition of medical necessity. That is, the judge "decide[d] the case by applying the principles dictated by the Legislature." Morel, supra, 396 N.J.Super. at 476, 935 A.2d 527. Because the judge navigated within APDRA's parameters, we have no appellate jurisdiction to review that decision regardless of whether we might have decided the merits differently.
Dismissed.
NOTES
[1] At the outset, Fort Lee moved for a dismissal of the appeal. No. M-3592-08. The motion panel reserved decision, leaving the matter to the merits panel. Our disposition of this appeal resolves the issues raised in that motion.
[2] In Allstate Insurance Co. v. Sabato, 380 N.J.Super. 463, 473, 882 A.2d 972 (App.Div. 2005), we held that regardless of APDRA's limitations we retained appellate jurisdiction over counsel fee awards.
[3] Proformance argues that because N.J.S.A. 2A:23A-18(a) refers to the "vacat[ing]," "modify[ing]," and correct[ing] of awards in connection with the fixing of costs and expenses by the trial court, and because N.J.S.A. 2A:23A-18(b) expressly bars appellate review of only those trial court judgments that "confirm," "modify" or "correct," we should conclude that the Legislature did not intend to bar appeals of judgments that merely "vacate" arbitration awards. However, because the judgment in question corrected what the judge concluded was a prejudicially erroneous award, and thus falls within the expressed parameters of the statute, we need not decide whether appeals of judgments that vacate arbitration awards are similarly barred.