996 A.2d 1045 (2010)
413 N.J. Super. 513
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
GARDEN STATE SURGICAL CENTER, L.L.C., Somerset Surgical Center, P.A., Fairlawn Anesthesia Associates, L.L.C., Garden State Orthopaedic Associates, P.A., Kenneth Levitsky, M.D., James Parolie, M.D., James *1046 Dwyer, M.D., Paul Vessa, M.D., Albert Johnson, M.D., Kevin McCracken, M.D., Warren Bleiweiss, M.D., Sharon Worosilo, M.D., Jeffrey Miller, M.D., Hong Shi, M.D., Dante Implicito, M.D., James Tovey, M.D., Mingi Choi, M.D., Matthew France, M.D., Richard Schenk, M.D. and Scott McGinley, M.D., Defendants-Respondents, and
Robert Schultz, M.D., Defendant.
DOCKET NO. A-4114-08T3.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 2010.
Decided June 3, 2010.
*1047 Clifford Giantonio, argued the cause for appellant (Law Offices of Baumann & Viscomi, attorneys; Mr. Giantonio, on the brief).
Robert J. Conroy, Bridgewater, argued the cause for respondents Garden State Surgical Center, L.L.C., Fairlawn Anesthesia Associates, L.L.C., Garden State Orthopaedic Associates, P.A. and Kenneth Levitsky, M.D. (Kern Augustine Conroy & Schoppman, P.C., attorneys; Mr. Conroy, of counsel and on the brief; R. Bruce Crelin, on the brief).
Sean A. Smith, argued the cause for respondents Somerset Surgical Center, P.A., Albert Johnson, M.D., James W. Dwyer, M.D., James H. Parolie, M.D., Paul Vessa, M.D., Matthew France, M.D., Mingi Choi, M.D., Warren Bleiweiss, M.D., Richard Schenk, M.D., James Tovey, M.D., Jeffrey Miller, M.D., Dante Implicito, M.D., Hong Shi, M.D., Kevin McCracken, M.D., Sharon Worosilo, M.D. and Scott McGinley, M.D. (Brach Eichler, L.L.C., attorneys; Charles X. Gormally, of counsel; Mr. Gormally and Mr. Smith, on the brief).
*1048 Before Judges AXELRAD, FISHER and ESPINOSA.
The opinion of the court was delivered by
FISHER, J.A.D.
In this appeal, we consider, among other things, whether or to what extent we may review orders entered in this action, which sought relief regarding arbitrations that were either pending or previously decided by an arbitrator pursuant to the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30. We conclude that N.J.S.A. 2A:23A-18(b), which mandates "no further appeal or review" in APDRA matters, does not bar our review of the judge's denial of leave to file an amended complaint or of the judge's dismissal of the action on timeliness grounds. In addition, we deem it appropriate to exercise our supervisory jurisdiction because it is not clear whether the judge's confirmation of the arbitration awards fell within the scope of the authority provided him by APDRA.

I
The record on appeal reveals that Liberty Mutual Insurance Company filed in the Law Division a complaint against the defendantsproviders of medical services to individuals injured in automobile accidents and eligible for personal injury protection benefitsseeking a declaratory judgment regarding issues then pending before or already decided by arbitrators in the underlying proceedings. The complaint asserted, among other things, that some defendants were not properly licensed and that the claims asserted involved illegal self-referrals prohibited by the Codey Law, N.J.S.A. 45:9-22.5(a).
A certification appended to the complaint contained two lists of arbitrations those then pending and those decided by the arbitrator on May 31, 2006as to which Liberty Mutual sought relief. The record further reveals that Liberty Mutual timely sought in the National Arbitration Forum (NAF) modification or clarification of the awards issued on May 31, 2006. The NAF denied that application on December 21, 2006. The complaint in this action was filed on January 22, 2007.
Liberty Mutual initially sought a stay of the undecided arbitrations, which the trial judge denied. On February 13, 2007, additional awards were entered in arbitrations pending at the time the complaint was filed; Liberty Mutual filed an amended complaint to bring those awards within the ambit of its Law Division action. On March 19, 2007, additional awards issued, which prompted Liberty Mutual to file a second amended complaint as to those matters.
In July 2008, Liberty Mutual moved for leave to file a third amended complaint to "clarify the claims in this suit" by "includ[ing] an `appeal' count by which [it might] further seek[] to appeal the related arbitration awards to the [c]ourt." Defendants opposed Liberty Mutual's motion and cross-moved for dismissal pursuant to Rule 4:6-2(e). The judge denied Liberty Mutual's motion and granted defendants' motions, resulting in an order dismissing the complaint.
Following Liberty Mutual's unsuccessful motion for reconsideration, defendants moved for confirmation of the arbitration awards and the entry of judgment; the judge confirmed the awards but refused to enter judgment. By way of a subsequent motion, the judge entered judgment, and later entered another order that "finalized" his earlier interlocutory orders. Liberty Mutual thereafter filed this appeal.

II
Whether we have jurisdiction to hear this appeal turns on the meaning of N.J.S.A. 2A:23A-18(b), which states:

*1049 Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered by the court in conformity therewith and be enforced as any other judgment or decree. There shall be no further appeal or review of the judgment or decree.
We first consider whether this statute precludes our review of any of the trial judge's orders encompassed by the notice of appeal.[1]
With increasing frequency, we have been asked to examine the extent to which this court may intervene in such matters. In considering the scope of N.J.S.A. 2A:23A-18(b), the Supreme Court recognized in Mt. Hope Dev. Assoc. v. Mt. Hope Waterpower Project L.P., 154 N.J. 141, 152, 712 A.2d 180 (1998), that there are exceptions to the statute. For example, the Court held that APDRA's general elimination of appellate jurisdiction does not apply to child support orders or counsel fee awards. Ibid. The Court also recognized there may be other circumstances "where public policy would require appellate court review." Ibid.
In Mt. Hope, the Court also observed that appellate review may occur when "necessary for [the court] to carry out `its supervisory function over the courts.'" Ibid. In Morel v. State Farm Ins. Co., 396 N.J.Super. 472, 476, 935 A.2d 527 (App. Div.2007), Judge Coburn explained that this "supervisory function" permits our exercise of jurisdiction when a trial court has exceeded its jurisdiction:
Plaintiff was entitled to a ruling applying the relevant statutory standards. Had the judge made such a ruling, the proper course would be dismissal of the appeal under N.J.S.A. 2A:23A-18. But the statutory denial of a right to appeal in this court is based on the assumption that the trial judge will decide the case by applying the principles dictated by the Legislature. When a judge fails to carry out that legislative direction, as occurred here, our supervisory role requires consideration of the appeal and reversal and remand for application of the statutory standards. Otherwise, the statute would be rendered meaningless.
We have since adhered to this interpretation of N.J.S.A. 2A:23A-18(b) in a number of instances. See Riverside Chiropractic Group v. Mercury Ins. Co., 404 N.J.Super. 228, 240, 961 A.2d 21 (App.Div.2008); N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., LLC, 399 N.J.Super. 40, 50, 942 A.2d 864 (App.Div.), certif. denied, 196 N.J. 344, 953 A.2d 763 (2008).
Indeed, this term we further demonstrated our adherence to Morel's approach and our respect for the Legislature's elimination of appellate review in such matters by concluding that appeals to this court must be dismissed even when we think the trial judge was mistaken in finding the arbitrator committed error. In Fort Lee Surgery Ctr. v. Proformance Ins. Co., 412 N.J.Super. 99, 104, 988 A.2d 1214 (App. Div.2010), we examined whether the trial judge adhered to the limits of APDRA and found the judge had applied N.J.S.A. 2A:23A-13(c)(5), which permits trial court intervention when it has been found that the arbitrator committed prejudicial error in the application of the law to the facts. *1050 In explaining the approach that has developed since Mt. Hope, we held:
Certainly, not every instance in which a judge utters the phrase "prejudicial error" will preclude appellate review. The exercise of our supervisory function cannot be talismanically eliminated by the mere invocation of the words of the statute. But, when a trial judge is able to provide a rational explanation for how the arbitrator committed prejudicial error, N.J.S.A. 2A:23A-18(b) requires a dismissal of an appeal of that determination regardless of whether we may think the trial judge exercised that jurisdiction imperfectly. Any broader view of appellate jurisdiction would conflict with the Legislature's ex-pressed desire in enacting APDRA to eliminate appellate review in these matters.
[412 N.J.Super. at 104, 988 A.2d 1214.]

III
Despite the limits of appellate review, we conclude that in this case two of the orders that Liberty Mutual would have us review are not barred by N.J.S.A. 2A:23A-18(b). That statute precludes appellate review only of orders "confirming, modifying or correcting an award." Ibid. In other words, the statute's first sentence states that upon determining to confirm, modify or correct an award, "a judgment or decree shall be entered by the court." The statute's second and last sentence then declares that there shall be no further appeal or review of "the judgment or decree." It syllogistically follows that "the judgment or decree" referred to in the statute's second sentence was intended to be the same "judgment or decree" referred to in the first. The phrasing of N.J.S.A. 2A:23A-18(b) reveals that the Legislature intended only to bar appellate review of the judgment confirming, modifying or correcting an arbitration award and not necessarily any other orders entered in such a suit. We, thus, find no limit to our authority to examine in this case the order denying leave to file an amended complaint or the order dismissing the complaint as untimely.[2]

A
In examining the order denying leave to appeal, we first quote the judge's entire oral decision regarding that ruling, which also encompassed his determination to dismiss Liberty Mutual's complaint:
The [c]ourt has before it a number of motions. First of all, a motion to amend the complaint and then two motions dismissing the complaint with prejudice pursuant to Rule 4:6-2(e). The [c]ourt has heard the argument of counsel. I do find that the matter is precluded by [N.J.S.A.] 2A:23A-13(a) and Liberty Mutual v. Brunswick Surgical, [No. A-4083-06, 2008 WL 2776131 (App. Div. July 18, 2008)] insofar as these matters were arbitrated and not timely *1051 appealed, and as such are precluded. Therefore the motions by the defendants are granted and the motion by the plaintiff is denied.
That's the decision of the [c]ourt for reasons stated on the record. We'll issue the order out accordingly.
As is evident, the judge's decision only mentions the fact that Liberty Mutual filed a motion for leave to amend its complaint and expresses his decision to deny it; no explanation was provided.[3]
Motions to amend pleadings are left to the trial judge's sound discretion and are to "be granted liberally." Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456-57, 713 A.2d 411 (1998); see also R. 4:9-1 (such amendments are to be "freely given in the interest of justice"). The trial judge's "exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501, 888 A.2d 464 (2006).
Here, we do not know whether the judge applied this two-step process because his oral decision contains nothing but a conclusion. Accordingly, we vacate the order denying Liberty Mutual's motion for leave to amend and remand for further consideration of the motion upon the application of these legal principles.

B
The order dismissing Liberty Mutual's complaint as untimely also does not fall within the ambit of N.J.S.A. 2A:23A-18(b). After close examination, we conclude the judge was mistaken in determining that Liberty Mutual's suit was time-barred.
N.J.S.A. 2A:23A-13(a) provides that a party to an alternative resolution proceeding "shall commence a summary application in the Superior Court for its vacation, modification or correction within 45 days after the award is delivered to the applicant, or within 30 days after receipt of an award modified...." As recounted earlier, the alternative resolution proceedings that were decided prior to the filing of Liberty Mutual's complaint were the subject of a timely application for clarification or modification that was not denied by the NAF until December 21, 2006. Liberty Mutual's complaint was filed on January 22, 2007. Although the statute does not reveal the amount of time a party has to challenge an award when an application to modify has been denied, Liberty Mutual's complaint was timely whether the time limit is viewed as thirty or forty-five days.
Defendants do not question that the complaint was filed within the statutory time frame, but argue instead that because, in their view, Liberty Mutual's suit was not a summary action for vacation, modification or correction, its filing did not stop the running of the prescribed time period. As evidence of this, defendants allude to the motion to file the third amended complaint, in which Liberty Mutual indicated that its intent in seeking to amend was to add "an `appeal' count."
We need not attempt to parse the language of the pleadings in order to determine how closely the initial complaint or its later amendments hewed to the requirements of N.J.S.A. 2A:23A-13(a). Here, the judge applied Rule 4:6-2(e) in dismissing the complaint on timeliness grounds. That rule required that the *1052 judge search the complaint in depth and with liberality, and afford Liberty Mutual every reasonable inference, in determining whether Liberty Mutual had set forth a claim within the scope of N.J.S.A. 2A:23A-13. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). Had the judge taken that approach, he would have put aside any labels that the parties sought to fix to Liberty Mutual's claims, see, e.g., Applestein v. United Bd. & Carton Corp., 60 N.J.Super. 333, 348-49, 159 A.2d 146 (Ch. Div.), aff'd o.b., 33 N.J. 72, 161 A.2d 474 (1960); In re Farnkopf, 363 N.J.Super. 382, 394, 833 A.2d 89 (App.Div.2003), and, in considering the substance of the complaint and not its form, would have recognized that Liberty Mutual sought relief from the arbitration awards that had already issued and the imposition of restraints on those that had yet to be finally adjudicated. So viewed, the judge should not have adoptedas he may havethe crabbed interpretation urged by defendants. Moreover, even if the judge had any doubt about the nature of Liberty Mutual's claims, he should have allowed an amendment. See Printing Mart, supra, 116 N.J. at 746, 563 A.2d 31; Hoffman v. Hampshire Labs, Inc., 405 N.J.Super. 105, 116, 963 A.2d 849 (App.Div.2009).
In short, Liberty Mutual's earlier pleadings suggest that it was seeking relief from the awards that had been issued, as well as those yet decided, in arbitration. The judge should have viewed the action as falling within the parameters of N.J.S.A. 2A:23A-13(a) and, in so construing the pleadings, the judge would have concluded that the action was timely because it was filed within the statutory time limits. We, thus, reverse the order of dismissal insofar as it was based on the time-bar contained in N.J.S.A. 2A:23A-13(a).

C
We discern from defendants' arguments that they would have us dismiss the appeal because the judge ultimately confirmed the awarda fact that would suggest we lack jurisdiction. First, from the few scant words of the judge's oral decision, we are not prepared to conclude that his dismissal of the action was based on its merits rather than the timeliness of the complaint. That is, the phrasing of the judge's conclusory opinion does not negate the likelihood that the complaint was dismissed only on timeliness grounds.[4] The thrust of the judge's opinion was that "these matters were arbitrated and not timely appealed, and as such are precluded." That description does not lend itself to defendants' interpretation that the judge found the awards were not subject to vacation or modification based upon any of the grounds contained in N.J.S.A. 2A:23A-13(a).
It certainly is true that the judge cited N.J.S.A. 2A:23A-13(a) in his brief opinion, but we view that reference as inadequate to ward off our authority to exercise supervisory jurisdiction in this matter. As we said in Fort Lee, supra, 412 N.J.Super. at 104, 988 A.2d 1214, "[t]he exercise of our supervisory function cannot be talismanically eliminated by the mere invocation of the words of the statute." Here, the judge did nothing but mention N.J.S.A. 2A:23A-13(a) without any further hint that he had determined the arbitrator had not committed prejudicial error.[5] *1053 Even if we could make the leap urged by defendants and assume from the oral decision that the judge made such a determination, he provided nothing that would illuminate our understanding as to how he reached such a conclusion.

IV
In finding unsustainable the orders that denied leave to file an amended complaint and dismissed Liberty Mutual's suit, we are not unmindful that the judge later entered an order confirming the awards. An order confirming an award is the type of order that falls within the ban on appellate jurisdiction contained in N.J.S.A. 2A:23A-18(b). However, as we have held, our appellate courts possess supervisory jurisdiction to ensure that trial courts utilize the standards contained in N.J.S.A. 2A:23A-13 when examining an award, and that trial courts articulate an analysis of how those standards apply to the facts and circumstances of a given case. Fort Lee, supra, 412 N.J.Super. at 104, 988 A.2d 1214; Morel, supra, 396 N.J.Super. at 476, 935 A.2d 527.
Here, the judge failed to provide a decision that would give us insight into whether or how he applied the standards contained in APDRA. We have already quoted the judge's brief decision in ruling on Liberty Mutual's motion for leave to file an amended complaint and defendants' cross-motions for dismissal. Later, when the judge entered an order confirming the awards, he gave no decision written or oralas to how he reached that determination. In such a circumstance, we are entitledindeed, obligatedto exercise our supervisory function and remand for further proceedings consistent with APDRA. To the extent the order confirming the awards was based upon the earlier oral decision dismissing the complaint, we have already explained how that decision is insufficient to support such a conclusion. And, to the extent some other thought process led to the entry of the confirming order, the judge did not reveal it. For these reasons, the order confirming the arbitration awards and the later order entering judgment against Liberty Mutual cannot stand.

V
To summarize, we reverse the order dismissing Liberty Mutual's action insofar as it is based on the time-bar contained in N.J.S.A. 2A:23A-13(a). Although we vacate the order of dismissal on any other grounds upon which it may have rested and, also vacate the later orders confirming and entering judgment on the awards, we do not foreclose future consideration in the trial court of whether the awards should ultimately be confirmed, vacated, modified or corrected based upon the application of the standards contained in N.J.S.A. 2A:23A-13. Indeed, we remand for that purpose in light of the judge's *1054 failure to either consider or adequately explain how he considered the application of those standards to the awards in question here. By force of this disposition, all orders entered by the trial judge after the entry of the order of dismissal must be vacated. The judge must also reconsider whether Liberty Mutual should be granted leave to amend its complaint in the wake of our determination that the trial judge failed to properly apply the standard enunciated in Rule 4:9-1.
The judge should also hereafter consider whether any other proceedings or submissions are necessary before determining whether the arbitration awards in question should be confirmed, vacated, modified or corrected to the extent permitted by APDRA.
Reversed in part; vacated in part; and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.
NOTES
[1] We need not decide whether the trial judge properly certified any of his interlocutory orders as final pursuant to Rule 4:42-2. To the extent necessary, and in the interest of the efficient resolution of this case, we grant leave to appeal out of time the orders that (a) denied Liberty Mutual's motion for leave to file a third amended complaint, (b) dismissed Liberty Mutual's complaint, (c) confirmed the awards, and (d) entered monetary relief against Liberty Mutual.
[2] Our holding should not be viewed as creating a font of appellate jurisdiction in these types of cases that would eviscerate or unduly fringe upon the limitation on appellate review created by the Legislature because this case is not typical of those normally brought pursuant to APDRA. Here, Liberty Mutual filed a complaint that both sought trial court review of awards that had been made and also attempted to collaterally attack other incomplete or unadjudicated arbitrations. As a result, it should come as no surprise that in such a matter this court retains its jurisdiction to examine trial court orders entered prior to an order disposing of the arbitration awards on their merits. Indeed, such an approach is entirely consistent with the jurisprudence that has developed in these matters, as our ability to examine preliminary orders will often be a necessary part of ensuring that trial courts remain within the bounds of their jurisdiction when they examine arbitration awards.
[3] In the margin of the memorializing order, the judge handwrote, "see Liberty Insurance v. Brunswick Surgical[,] [supra] and N.J.S.A. 2A:23A-13a," providing no greater illumination than his cursory oral decision.
[4] We would also observe that the judge gave no decisionwritten or oralwhen entering the order that confirmed the awards or the later order that entered judgment on those awards.
[5] As suggested by Rule 1:36-3, the judge's citation to an unreported decision of this court adds nothing of substance since such decisions do not have precedential value. Moreover, we do not view the judge's mere citation of an unpublished opinionotherwise unfettered by a discussion about its application hereas a sufficient execution of the judge's obligation, imposed by Rule 1:7-4(a), to render an adequate description of his determination of the matters before him. Defendants suggest that reliance upon this unpublished opinion was appropriate, citing that part of Rule 1:36-3 which indicates an unpublished opinion may be cited "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." In that regard, defendants argue that because Liberty Mutual was a party to that unpublished matter that it has relevance here. Again, due to his failure to acquit his obligation to render a decision of the type envisioned by Rule 1:7-4(a), we have no way of divining the judge's intentions in this regard.