22 A.3d 1007 (2011)
421 N.J. Super. 160
OPEN MRI & IMAGING OF ROCHELLE PARK a/s/o Carmen Hernandez, Plaintiff-Respondent,
v.
MERCURY INSURANCE GROUP, Defendant-Appellant.
Docket No. A-5760-09T2
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 2011.
Decided July 14, 2011.
*1008 Law Offices of David C. Harper, attorneys for appellant (Mariya Starchevsky and Shaun A. McGinn, on the briefs).
Joseph M. Ariyan, Fairview, attorney for respondent.
Before Judges WEFING, PAYNE and HAYDEN.
The opinion of the court was delivered by
PAYNE, J.A.D.
In this matter, plaintiff Open MRI & Imaging of Rochelle Park as subrogee of its patient, Carmen Hernandez, obtained precertification from Mercury Insurance Company to perform a computerized tomography (CT) scan with reconstructive imaging on the lumbar spine of Mercury's insured, Hernandez, following an auto accident that occurred on February 12, 2008. The scan was performed on August 28, 2008; the bill for a total of $1,600 was submitted to Mercury on September 8, 2008. After holding the bill for more than the statutory sixty-day maximum, see N.J.S.A. 39:6A-5g,[1] on November 24, 2008, Mercury denied payment claiming that its policy's personal injury protection (PIP) limits of $15,000 had been exhausted. That statement was, in fact, the result of clerical error. Available benefits in the amount of $418.63 remained as of that date, which were paid to another provider on February 2, 2009 for services performed on January 13, 2009.[2]
On June 11, 2009, Open MRI filed a demand for arbitration of its claim with the National Arbitration Forum pursuant to the Alternative Procedure for Dispute Resolution (APDR) Act, N.J.S.A. 2A:23A-1 to -19,[3] asserting that the facts required reformation of the policy in accordance with the unreported opinion of a Bergen County judge in PMI of Union City a/s/o J.M. v. GEICO, Ber-L-11036-99 (March 1, 2010). A hearing was conducted on March 16, 2010 before a Dispute Resolution Professional *1009 (DRP), who issued a written opinion on May 6, 2010. After setting forth the facts of the matter, the DRP held that there was "no basis in law or fact in this case to hold Respondent responsible for the payment of PIP benefits to Claimant beyond the PIP policy limits of $15,000." Turning to Open MRI's claim for reformation of the policy in accordance with PMI, the DRP held:

N.J.S.A. 39:6A-5.1 specifically references the PIP statute, which states that only those PIP disputes arising under the PIP statute may be arbitrated. N.J.S.A. 39:6A-5.1 and N.J.A.C. 11:3-5.2 define "PIP dispute" to include interpretation of the insurance contract. Clearly, however, "interpretation" does not extend to reformation of the policy. Accordingly, a DRP's jurisdiction to award medical expense benefits extends to the policy limits and does not go beyond. Thus, while the facts presented are indeed similar to the PMI case presented, a DRP in this Forum cannot reform the policy or find claimant to be a prevailing party. No award of medical expense benefits can be made.
Thereafter, on May 14, 2010, Open MRI brought an action in the Law Division of the Superior Court pursuant to N.J.S.A. 2A:23A-13 seeking an order summarily vacating the award in Mercury's favor and entering an award in Open MRI's favor in the net amount of $3,900. Upon review, the Law Division judge, determined that he was empowered to vacate the award as the result of N.J.S.A. 2A:23A-13c(5) because the umpire had committed "prejudicial error by erroneously applying law to the issues and facts presented for alternative resolution." Then, determining that the DRP "did not have the authority to reform the PIP policy to compel coverage," the judge concluded that in circumstances mirroring those in PMI, policy reformation was proper to permit payment to Open MRI. The judge held: "It would be inequitable to punish Plaintiff for the accounting error of Defendant." This appeal by Mercury followed.
On appeal, we first address an issue that has been the frequent subject of litigation: the effect of N.J.S.A. 2A:23A-18b upon Mercury's right of appeal. That statute provides:
Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered by the court in conformity therewith and be enforced as any other judgment or decree. There shall be no further appeal or review of the judgment or decree.
In Mt. Hope Development Associates, EAJ, Inc. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 712 A.2d 180 (1998), a complex real estate contract dispute, the Court addressed whether N.J.S.A. 2A:23A-18b infringed on an individual's constitutional right to appeal and the Court's constitutional rulemaking authority. The Court rejected the constitutional challenge on the ground that because the APDRA was a voluntary procedure for alternative dispute resolution, operative only with the agreement of the parties, id. at 145-46, 712 A.2d 180, the waiver by sophisticated businessmen of their right to appeal could not be deemed constitutionally infirm. Id. at 148-49, 712 A.2d 180. The Court similarly found no infringement on its rulemaking authority. Id. at 150-52, 712 A.2d 180.
However, in reaching these conclusions, the Court noted that the appellants had not alleged "any of those `rare circumstances' grounded in public policy that might compel this Court to grant limited appellate review." Id. at 152, 712 A.2d 180 (citing Tretina Printing, Inc. v. Fitzpatrick *1010 & Assocs. Inc., 135 N.J. 349, 364-65, 640 A.2d 788 (1994)). As an example, the Court cited a case involving the enforceability of an award affecting child support, recognizing there "`that courts have a nondelegable, special supervisory function in the area of child support that may be exercised upon review of an arbitrator's award.'" Ibid. (quoting Faherty v. Faherty, 97 N.J. 99, 109, 477 A.2d 1257 (1984)). The Court continued by observing:
As with arbitration, when parties proceed under the APDRA, there may be other limited circumstances where public policy would require appellate court review. For instance, because of this Court's supervisory function over the courts, we may determine that an award that is confirmed, modified, or vacated by a biased court should be subject to review beyond that which is provided for in N.J.S.A. 2A:23A-18.
[Ibid.]
Since Mt. Hope, we have on occasion found exceptions to the bar of N.J.S.A. 2A:23A-18b. In Allstate Insurance Company v. Sabato, 380 N.J.Super. 463, 882 A.2d 972 (App.Div.2005), we refused to consider on appeal the trial court's order vacating a DRP's determination that the insurer had exercised bad faith in its handling of the claim, finding that determination not reviewable because it did not embrace "`a nondelegable special supervisory function' exercisable by the court on review." Id. at 472-73, 882 A.2d 972 (citation omitted). However, we did review the court's reduction in the award of attorney's fees, finding that determination to have been governed by RPC 1.5 and Rules 1:21-6, 1:21-7 and 4:42-9(a)6. Id. at 473, 882 A.2d 972. In Morel v. State Farm Insurance Company, 396 N.J.Super. 472, 935 A.2d 527 (App.Div.2007), the Law Division judge reviewed an arbitration award for fraud, corruption or conflict of interest, but failed to rule on the insured's specific claims that the arbitrator's findings were not supported by substantial evidence, N.J.S.A. 2A:23A-13b, and that he committed prejudicial error by erroneously applying the law to the issues and the facts, N.J.S.A. 2A:23A-13c(5). On appeal, we exercised our supervisory powers by reversing and requiring on remand that the applicable statutory standards be addressed. Id. at 474-76, 935 A.2d 527. We also granted a right of appeal in Selective Insurance Company of America v. Rothman, 414 N.J.Super. 331, 998 A.2d 523 (App.Div.2010), certif. granted, 205 N.J. 80, 12 A.3d 212 (2011), determining that a matter of significant public concern was raised when a trial judge affirmed the award of a DRP for the cost of needle electromyography performed by a physician's assistant that we found to be in violation of the licensing requirements of N.J.S.A. 45:9-5.2. Id. at 341-42, 998 A.2d 523.[4]
In the present matter, we find a right of appeal to exist insofar as it is based on the Law Division judge's determination to reform the insurance policy underlying Open MRI's claim. The DRP was correct in concluding that she lacked the statutory authority to order reformation. Endo Surgi Ctr., P.C. v. Liberty Mut. Ins. Co., 391 N.J.Super. 588, 594, 919 A.2d 166 *1011 (App.Div.2007) (holding that the "sole remedy for a wrongful denial of PIP benefits is an award of the interest mandated by N.J.S.A. 39:6A-5(h) and attorney's fees"). Because reformation constituted the relief sought by Open MRI from the outset, its institution of an arbitration proceeding pursuant to the APDR Act was ineffective. As a practical matter, Open MRI's reformation claim could only be considered, if at all, by a Law Division judge. We find, when the relief sought in arbitration (reformation) is beyond the power of the DRP to award, the Law Division action is in essence a de novo proceeding as to which a right of review exists in order for us to carry out our supervisory powers as traditionally exercised over Law Division orders. R. 2:2-3.
As such, this matter resembles Liberty Mutual Insurance Company v. Garden State Surgical Center, L.L.C., 413 N.J.Super. 513, 996 A.2d 1045 (App.Div.2010), where we granted the insurer the right to appeal orders of the trial judge in its declaratory judgment action challenging existing and pending arbitration awards when the orders concerned the denial of a right to file a third-amended complaint and the dismissal of suit as untimely. We held that neither fell within the ambit of N.J.S.A. 2A:23A-18b, which only bars appeal of orders "confirming, modifying or correcting an award." Id. at 520-21, 996 A.2d 1045. Similarly, here, because the DRP lacked authority to act, the Law Division judge's order granting relief did not confirm, modify or correct any action by her.
Having reviewed the PMI decision upon which the order granting reformation in this matter was based, we reverse, determining that the decision was mistakenly based upon inapposite precedent and that no decision permits reformation under the facts set forth here for Mercury's allegedly negligent handling of claims. As sole support for the remedy afforded in PMI, the judge in that matter cited to Weinisch v. Sawyer, 123 N.J. 333, 341, 587 A.2d 615 (1991), and to the Court's statement:
[W]hen the policy contains inadequate coverage because of the negligence of the insurer's agent, the insurer itself can be held responsible and reformation is an appropriate remedy.
[Ibid. (citing Sobotor v. Prudential Prop. & Cas. Ins. Co., 200 N.J.Super. 333, 337, 491 A.2d 737 (App.Div.1984)).]
However, Weinisch was a case in which the plaintiff alleged that the insurer's agent breached his duty to inform him of the availability of optional higher limits of UM/UIM coverage than the $15,000 that the plaintiff had procured, id. at 336-42, 587 A.2d 615, and that the plaintiff was entitled to a non-jury trial on the issue that he had raised. Id. at 342-45, 587 A.2d 615. The issue raised in Weinisch has no bearing on the present matter.
In this matter, the judge recognized the inapplicability of Weinisch, noting that "the insurance company did not breach a duty to inform Plaintiff of other limits that were available." However, the judge offered no support for his further conclusion that the policy should nonetheless be reformed as the result of Mercury's "accounting error." We, similarly, can find none, having previously held that "because PIP benefits are statutory in nature, the procedures and remedies provided by the No-Fault Act for enforcement of an insured's right to PIP benefits are exclusive." Endo Surgi Ctr., supra, 391 N.J.Super. at 592-93, 919 A.2d 166. As we have previously noted, those remedies are limited to interest and attorney's fees. Id. at 593-94, 919 A.2d 166. In that regard, we observed: "[I]f an insured (or an insured's assignee) were allowed to pursue a common law claim for an alleged bad *1012 faith denial of PIP benefits, under which there would be an entitlement to a jury trial, this would open the door to circumvention of the statutorily mandated alternative dispute resolution procedure provided by N.J.S.A. 39:6A-5.1." Id. at 595-96, 919 A.2d 166. We therefore reverse the judge's order requiring reformation.
We note that the DRP did reach a conclusion that "[t]here is no basis in law or fact in this case to hold Respondent responsible for the payment of PIP benefits to Claimant beyond the PIP policy limits of $15,000." Upon review, the Law Division judge was silent as to that ruling. In accordance with our decision in Morel, supra, 396 N.J.Super. at 476, 935 A.2d 527, we reverse and remand the matter to permit the judge to address the DRP's denial of an award on that basis pursuant to N.J.S.A. 2A:23A-13 and for a statement of reasons. We note that any award of attorney's fees must depend upon an order holding that Open MRI prevailed on the merits. N.J.A.C. 11:3-5.6(d)(3).
Reversed and remanded.
NOTES
[1] When a payment is found to be overdue, it shall bear interest at the percentage of interest prescribed by Court Rule for judgments, awards and orders for the payment of money. N.J.S.A. 39:6A-5h.
[2] At the time that Open MRI's bill was received, $14,277.06 in coverage remained.
[3] We have not been supplied with any document that would permit us to determine whether arbitration was mandatory or permissive. But see N.J.S.A. 39:6A-5i (requiring that automobile insurers provide any claimant with the option of submitting their dispute to arbitration); N.J.S.A. 39:6A-5.1a (same); Cynthia M. Craig & Daniel J. Pomeroy, New Jersey Auto Insurance Law, § 10:1 at 191 (2011) (stating that PIP claims can be resolved by arbitration at the election of the claimant or insurer).
[4] We have denied the right of review in Weinstock v. Weinstock, 377 N.J.Super. 182, 871 A.2d 776 (App.Div.2005) (seeking direct appeal from arbitrator's decision to Appellate Division); in part in Allstate Ins. Co. v. Sabato, supra; in N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins D.C., L.L.C., 399 N.J.Super. 40, 942 A.2d 864 (App.Div.), certif. denied, 196 N.J. 344, 953 A.2d 763 (2008); in Riverside Chiropractic Group v. Mercury Ins. Co., 404 N.J.Super. 228, 961 A.2d 21 (App.Div. 2008); and in Ft. Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J.Super. 99, 988 A.2d 1214 (App.Div.2010).