**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0481-23

JERSEY CITY PUBLIC
EMPLOYEES, INC.,
LOCAL 245,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

CITY OF JERSEY CITY,

      Defendant-Respondent/
      Cross-Appellant.

_____

      Submitted November 12, 2024 – Decided March 31, 2025

      Before Judges Gummer and Jacobs.

      On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2201-23.

      Castronovo & McKinney, LLC, attorneys for appellant/cross-respondent (Thomas A. McKinney and Edward W. Schroll, of counsel and on the briefs).

      Apruzzese, McDermott, Mastro & Murphy, PC, attorneys for respondent/cross-appellant (Arthur R.

Thibault, Jr., of counsel and on the briefs; Christopher M. Kurek, on the briefs).

PER CURIAM

Plaintiff, Jersey City Public Employees, Inc., Local 245., appeals from a portion of a Law Division order denying its demand for double-time wages from the City of Jersey City (the City) for work performed during the COVID-19 State of Emergency (SOE) declared by the Governor. The City cross-appeals a provision in that same order vacating an arbitration award, which dismissed the grievance as untimely. For reasons that follow, we reverse the subject order and reinstate the arbitrator's award.

I.

Plaintiff's membership consists of approximately 400 Jersey City municipal employees. On July 1, 2011, plaintiff and the City entered a Collective Negotiations Agreement (CNA) whose terms were binding through December 31, 2014. A dispute under the CNA is raised as a "grievance," defined as "any controversy arising over the interpretation or adherence to the specific and express written terms of this Agreement." Absent mutual consent, the parties are exclusively bound by a three-step procedure to resolve grievances. As provided in Article 23 of the CNA, an aggrieved employee's failure to comply with the imposed time limits for any of the three steps "constitute[s] an

A-0481-23

abandonment of the grievance."

The first step requires the aggrieved employee to submit a grievance in writing to the department director within ten days of the occurrence of the event. The employee must include: "(1) [t]he [s]pecific contract provision(s) or policies that have been violated; (2) [t]he grievant(s); (3) [t]he nature and extent of the injury or loss; (4) [t]he result of any previous discussions; (5) [t]he reason for dissatisfaction with the previous discussions; and (6) [t]he precise remedy sought."

Should the grievance remain unresolved by the director, the second step provides that "the employee shall submit the grievance to the [b]usiness [a]dministrator of the City" within five days of the director's determination. If the employee's grievance remains unsettled, the third step permits either party to "refer the matter to the Public Employment Relations Commission (PERC) within ten (10) days" of the business administrator's determination, after which an arbitrator is selected pursuant to the PERC rules. The CNA provides:

> [t]he Arbitrator shall be bound by the provisions of this Agreement and restricted to the application of the facts presented to him involved in the grievance. The Arbitrator shall not have the authority to add to, modify, detract from, or alter in any way, the provisions of this Agreement or any amendment or supplement thereto.

A-0481-23

The arbitrator's decision "shall be final and binding on all parties."

A successor CNA, covering the period of January 1, 2015 through December 31, 2019, incorporated a provision concerning overtime pay. That added provision, Article 15(B)(11) provided that: "Employees who work during a State of Emergency covering the City of Jersey City, as declared by the Governor of New Jersey, will receive double-time pay for all hours worked during the State of Emergency."

The 2018 Weather-Related State of Emergency

On March 6, 2018, the Governor declared a weather-related SOE pursuant to an executive order. The SOE lasted until March 13, 2018, at 10:00 a.m. On March 19, plaintiff filed a grievance alleging the City had failed to compensate its members with double pay for days worked during the SOE. Although plaintiff submitted its grievance more than ten days after the start of the SOE, the City did not object to it as untimely. The City denied the grievance on substantive grounds, and the matter was sent to arbitration.

The arbitrator heard extrinsic evidence regarding the parties' intent, found terms of the CNA ambiguous, and determined the double-time pay provision applicable to essential workers only where the SOE alters the operations of the City. Because there was no alteration of the operations of the City, the arbitrator

4

issued an award denying the grievance. Plaintiff appealed to the Law Division, which affirmed the arbitrator's award. In an unreported opinion, this court reversed the Law Division, vacated the arbitrator's award, and granted plaintiff's members double pay. Jersey City Pub. Emps., Inc., Loc. 245 v. City of Jersey City, No. A-4558-19 (App. Div. May 27, 2021) (slip op. at 2). We held that the SOE provision of the CNA was unambiguous and its meaning not reasonably debatable. Id. at 6.

The 2020 COVID-19 State of Emergency

On March 9, 2020, the Governor declared the COVID-19 SOE and public health emergency pursuant to Executive Order. Although the Governor terminated the public health emergency effective June 4, 2021, the COVID-19 SOE remains in effect as of this writing, as the Governor has not yet issued an executive order terminating it.

On October 22, 2021, more than nineteen months after the COVID-19 SOE went into effect, counsel for plaintiff sent an email to then-assistant city corporation counsel stating:

> The Supreme Court denied the City's petition for certification [regarding the 2021 Appellate Division opinion]. A State of Emergency was declared by the Governor on March 9, 2020 and continues to today. Member[s] of Local 245 have not received the payment of double pay during this time period. . . . Please

5

confirm when this payment will be provided as required by law. Thanks.

Six months after the October email, plaintiff submitted a request to PERC for arbitration alleging, "the City has failed/refused to provide double-time pay for employees from March 9, 2020 going forward. Local 245 requested compensation and [] has been ignored in violation of the parties['] agreement." PERC assigned an arbitrator, and the parties agreed to waive a full evidentiary hearing, relying on written submissions.

As framed by the arbitrator, the two issues to be considered were:

(1) Whether the filing of the grievance complied with the parties' negotiated grievance procedure set forth in Article 23 of the Agreement?

(2) If so, whether the City violated Article 15.B.11 by failing to compensate bargaining unit members with double time pay for all hours worked during a State of Emergency covering the City of Jersey City, as declared by the Governor of New Jersey? If so, what shall be the appropriate remedy?

On May 18, 2023, the arbitrator issued an opinion and award in which he determined that plaintiff's counsel's October 22, 2021 email, sent more than nineteen months after the Governor declared the COVID-19 SOE in effect, did not satisfy the three-step grievance procedure and other requirements for the submission of a grievance required in Article 23 of the CNA. Rejecting an

6

argument that the pending litigation regarding the 2018 Weather SOE somehow relieved "any party from the contractual filing requirements," the arbitrator concluded plaintiff had not timely filed a grievance and dismissed the purported grievance. The arbitrator's award, therefore, did not address plaintiff's claim on the merits.

Law Division Action

Dissatisfied with this result, plaintiff filed an order to show cause and a complaint in the Law Division seeking to vacate the award and compel the City to provide double pay. In support of its request, plaintiff asserted:

> The 2023 Opinion and Award is procedurally and substantively wrong because it ignores the simple fact that the Appellate Division has already decided the issue in question – Defendant must pay Plaintiff's members double pay during a SOE, and that Defendant's ongoing failure to pay double pay during the continuing SOE means that it is impossible for any grievance to be untimely since a new violation starts every day.

The matter was heard on September 21, 2023. While considering the arguments presented, the motion court observed that "[i]t's already been decided 19 ways to Sunday by the Appellate Division and the Supreme Court on the legal issues." According to the motion court, plaintiff's lack of compliance with the time limits specified in the contractual grievance procedure was

7

inconsequential, "because every day [that the SOE continues] you'd have a new ten days."  However, the court declined to compel defendant to provide double pay, as provided in the CNA.  As the court explained:

> I personally agree with the Appellate Division decision. But I can't enforce it as to the facts of this case because the facts of this case are not one week [as in the unreported Appellate Division decision], it's three-and-a-half years and counting.  And how could that have ever been in the contemplation of the parties when they entered into that agreement?  So that's the reason why I'm not enforcing the Appellate Division order as to the facts of this case.
>
> . . . .
>
> And I'm ruling (indiscernible) that's why I'm denying the request to enforce the Appellate Division opinion because the facts are so different.  I reject the arbitrator's conclusion that you needed to do a grievance because you were just moving to enforce the Appellate Division opinion and that's all that I'm signing.  And the reason why I'm refusing to enforce it is because I don't think this intent argument with regard to a one-week shutdown in 2018 is the same argument that you have now with the facts of this case.  Right, wrong or indifferent.  Let the Appellate Division straighten me out.  That's what the process is for.

The motion court memorialized its decision in two orders issued on September 26, 2023.  One order vacated the arbitrator's award, and a second order denied defendant's cross-motion to confirm the arbitrator's award.

On appeal, plaintiff maintains the motion court erred in denying its request

8

to compel defendant to provide double-time pay for the work period during the COVID-19 SOE. It argues the motion court's decision directly contravened our unreported opinion interpreting the subject provision for double-time pay during a SOE. The City cross-appeals vacatur of the arbitration award, maintaining the motion court's decision was without legal authority.

## II.

The Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A–1 to –30, precludes appellate review of judgments on arbitration awards. One exception to the rule is the execution of "supervisory function over the courts" to ensure compliance with APDRA. Morel v. State Farm Ins. Co., 396 N.J. Super. 472, 476 (App. Div. 2007). We review this matter under that exception.

Plaintiff's position and the motion court's resolution of this case principally rest on an unreported decision by this court addressing a grievance plaintiff had filed about the 2018 weather-related SOE. The CNA explicitly provides for arbitration of disputes arising out of the "interpretation or adherence to the specific and express written terms" of the agreement. Thus, "[i]t is no part of [the court's] function to decide the merits of the controversy." Standard Oil Dev. Co. Emp. Union v. Esso Rsch. & Eng'g Co., 38 N.J. Super. 106, 119

9

(App. Div. 1955).

Our earlier decision rested on the facts of that case, where double pay was sought for a period of seven days in connection with a 2018 weather-related SOE. The "grievance" at issue in this case is based on the COVID-19 SOE declared in 2020, completely unrelated to the 2018 weather-related SOE at issue in our 2021 opinion. As the arbitrator correctly held, nothing about that pending litigation relieved the parties of their contractual obligations to follow the three-step grievance procedures and related requirements regarding a purported grievance based on the COVID-19 SOE – procedures plaintiff failed to follow and requirements plaintiff failed to fulfill. Ultimately, it was not error for the motion court to deny the double-time wage relief demanded by plaintiff.

Our courts "view favorably the settlement of labor-management disputes through arbitration." Scotch Plains-Fanwood Bd. of Ed. v. Scotch Plains-Fanwood Educ. Ass'n, 139 N.J. 141, 149 (1995). As such, arbitration "is meant to be a substitute for and not a springboard for litigation." Ibid. (citation omitted) (internal quotation marks omitted). "[I]f a matter is one of procedural arbitrability, a court must afford deference to the judgment of the arbitrator's decision so long as it is 'reasonably debatable.'" Bd. of Educ. of Alpha v. Alpha Educ. Ass'n, 190 N.J. 34, 43 (2006) (citing State v. Int'l Fed'n of Prof'l & Tech.

10

Eng'rs, Loc. 195, 169 N.J. 505, 514 (2001)). The New Jersey Arbitration Act, N.J.S.A. 2A:24–1 to –11, specified the grounds for which a reviewing court may vacate an arbitration award, including fraud, partiality, misconduct, or excessive power. In addition to the statutory grounds for vacatur, a reviewing court "may vacate an award if it is contrary to existing law or public policy." Int'l Fed'n of Prof'l & Tech. Eng'rs, 169 N.J. at 514. However, because the public policy exception is narrow, "th[e] standard for vacat[ur] will be met only in rare circumstances." Borough of East Rutherford v. E. Rutherford PBA Loc. 275, 213 N.J. 190, 203 (2013) (emphasis in original).

"As the decision to vacate an arbitration award is a decision of law, this court reviews the denial of a motion to vacate an arbitration award de novo." Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010). Further, "[w]hether a term is clear or ambiguous is . . . a question of law." Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997) (alteration in original) (quoting Kaufman v. Provident Life and Cas. Ins. Co., 828 F. Supp. 275, 282 (D.N.J. 1992)).

Here, the motion court concluded that plaintiff need not file for a grievance to challenge the nonpayment of double pay because the claim was collaterally estopped based on our unreported decision that "workers get paid

11

double time" during SOEs. Conversely, the motion court determined that the arbitrator's decision to dismiss the grievance as untimely was not "properly grounded" because a new violation occurred every day the COVID-19 SOE continued.

Contrary to the motion's court rationale, our holding in the earlier decision, which was about a completely different SOE, is inapposite to the facts of this case and does not obviate the requirement to comply with the grievance procedure.

With respect to the COVID-19 SOE, plaintiff failed to follow the required steps one and two of the procedure. Rather, plaintiff submitted a procedurally transgressive request to PERC six months after the October email. Plaintiff offered no explanation for skipping steps one and two and submitting a months-late request. "Our courts have not looked favorably upon [litigants] who sit on their rights[,]" particularly when, as here, plaintiffs assented to resolving their grievances expeditiously. [1] Lopez v. Patel, 407 N.J. Super. 79, 91 (App. Div. 2009). Plaintiff's failure to comply with the grievance procedure warranted

---

[1] The CNA provides in pertinent part: "[t]he purpose of [the grievance] procedure is to secure, at the lowest possible level, an equitable solution to the problems which may arise affecting the terms and conditions of this Agreement and to resolve grievances as soon as possible so as to assure efficiency and promote employees' morale."

A-0481-23

dismissal on procedural grounds. Having failed to follow those procedures, plaintiff failed to demonstrate it timely filed a grievance. Upon de novo review, the motion court's vacatur of the arbitrator's award was error.

In sum, we affirm the portion of order denying the double-time wage relief demanded by plaintiff, reverse the portion of the order vacating the arbitrator's award, and remand for entry of an order confirming the arbitration award consistent with this opinion.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division