NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2311-15T2

SAINT BARNABAS MEDICAL CENTER
A/S/O SEAN HOLEY,

 Plaintiff-Appellant,

v.

MERCURY INDEMNITY COMPANY OF AMERICA,

 Defendant-Respondent.

 Argued telephonically July 10, 2017 –
 Decided July 31, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket No.
 L-6590-15.

 Steven Stadtmauer argued the cause for
 appellant (Celentano, Stadtmauer &
 Walentowicz, LLP, attorneys; Mr. Stadtmauer,
 on the briefs).

 David C. Harper argued the cause for
 respondent.

PER CURIAM

 This appeal arises out of a dispute between plaintiff Saint

Barnabas Medical Center (SBMC) and an automobile insurer,
defendant Mercury Indemnity Company of America (MICA), over

personal injury protection (PIP) benefits. After being injured

in a June 2013 motor vehicle accident, the insured motorist, Sean

Holey, received treatment for his burn injuries at SBMC's

outpatient facility on June 24, 2013. Holey assigned his rights

to receive PIP benefits for those services under his automobile

policy with MICA to SBMC, as his subrogee.

 SBMC submitted a bill for $10,404 for surgical and ancillary

services it provided to Holey. MICA processed the bill pursuant

to Exhibit 7 of the Hospital Outpatient Surgical Facility (HOSF)

fee schedule and SBMC's Magnacare Preferred Provider Organization

(PPO) contract, and allowed a total payment of $3,234.31, which

related solely to surgical codes 15002 and 15100. MICA denied

eleven additional line items totaling $3894, finding that, under

N.J.A.C. 11:3-29.5(a), they constituted "ancillary service[s] that

[are] integral to the surgical procedure and [therefore] not

permitted to be reimbursed separately in a HOSF."

 SBMC contended that under the HOSF fee schedule it could

charge a maximum of $6,681.02 for the procedures performed on

Holey. It disputed MICA's decision to disallow the eleven line

items as well as the reduction of the reasonable fee allowed by

MICA for surgical code 15100. Accordingly, SBMC claimed it was

owed the difference between $6,681.02 and $3,234.31, or $3,446.71.

 2 A-2311-15T2
 The dispute over SBMC's unpaid balance was presented to a

Dispute Resolution Professional (DRP) who was assigned by the

arbitration tribunal, Forthright, to hear the case. The DRP

entered an award in favor of MICA. In a thorough written opinion,

the DRP wrote:

 After considering all documentation
 submitted, as the finder of fact I conclude
 by the preponderance of the evidence that
 [MICA] properly issued payment for services
 rendered at 80% of the billable amount and
 further find that the billable amount is in
 fact the HOSF fee schedule. I further find
 by the same preponderance that [SBMC] has
 failed to submit sufficient rationale to
 support their position that payment should be
 issued at 80% of their [usual, customary, and
 reasonable].

 Next[,] [MICA] denied spate payment for
 several [revenue] codes which they contend
 were unbundled from the primary skin graft and
 facility fee. These services included
 pharmaceutical[] supplies, anesthetic agents,
 injections[,] and recovery room fees.

 After considering all documentation
 submitted, as the finder of fact I conclude
 by the preponderance of the evidence submitted
 that [SBMC] has failed to submit sufficient
 documentation to support their position that
 these services are separately reimbursable as
 they [were] intrinsic to the skin graft and
 facility fee billed under CPT codes 15002 and
 15100.

 As permitted by the DRP rules, SBMC pursued an internal

administrative appeal to a three-member DRP Panel within

Forthright. After considering the parties' arguments and

 3 A-2311-15T2
reviewing the record, the DRP Panel affirmed the DRP's arbitration

award in a comprehensive seven-page written opinion.

 SBMC then filed a complaint in the Law Division seeking to

vacate the arbitration award pursuant to N.J.S.A. 2A:23-13(c)(4)

and (5). SBMC alleged that the DRP and DRP Panel "commit[ted]

prejudicial errors when they imperfectly executed their powers and

erroneously applied [the] law to the issues and facts presented

in this action." In an order and letter opinion dated January 8,

2016, Judge Robert H. Gardner disagreed and affirmed the award.

 On appeal, SBMC argues that the trial court erred in

interpreting the law and in failing to address all of SBMC's

claims. It further argues that this court has jurisdiction to

review the Law Division order because the method by which hospitals

bill for their services, and the proper interpretation of N.J.A.C.

11:3-29.5 relative to how a hospital is paid for its services, are

issues of "general public importance." MICA responds that the

Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A.

2A:23A-1 to -30, prohibits appellate review absent circumstances

in which the judge failed to provide an appropriate review or an

issue of strong public policy requires review. MICA argues this

case does not fall within either exception. We agree.

 APDRA was enacted in 1987 to create a new procedure for

dispute resolution. Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower

 4 A-2311-15T2
Project, L.P., 154 N.J. 141, 145 (1998). The express intention

of the procedure is "to provide a speedier and less expensive

process" for the resolution of disputes. Governor's

Reconsideration and Recommendation Statement to Assembly Bill No.

296, at 1 (Jan. 7, 1987), reprinted at N.J.S.A. 2A:23A-1. A

critical element of the procedure is a summary application in the

Superior Court to vacate, modify, or correct an award within forty-

five days after delivery of the award. N.J.S.A. 2A:23A-13a. Any

such action in the Superior Court shall be conducted in a summary

manner and on an expedited basis. N.J.S.A. 2A:23A-19. In

addition, the APDRA severely limits the grounds on which an award

may be vacated, modified, or corrected. N.J.S.A. 2A:23A-13c

provides that a decision on the facts by the DRP is final unless

the party seeking review demonstrates that his or her rights were

prejudiced by

 (1) Corruption, fraud or misconduct in
 procuring the award;

 (2) Partiality of an umpire appointed as a
 neutral;

 (3) In making the award, the umpire's
 exceeding their power or so imperfectly
 executing that power that a final and definite
 award was not made;

 (4) Failure to follow the procedures set forth
 in this act, . . .; or

 5 A-2311-15T2
 (5) The umpire's committing prejudicial error
 by erroneously applying law to the issues and
 facts presented for alternative resolution.

 [N.J.S.A. 2A:23A-13c.]

 Pursuant to APDRA's statutory framework, judicial scrutiny

by the trial court is designed to be the final level of appellate

review. N.J.S.A. 2A:23A-18(b) provides that "[u]pon the granting

of an order confirming, modifying or correcting an award, a

judgment or decree shall be entered by the [trial] court in

conformity therewith and be enforced as any other judgment or

decree. There shall be no further appeal or review of the judgment

or decree." (Emphasis added).

 Adhering to this explicit language in the statute, the general

rule then is that a plaintiff has no right to appeal from a trial

judge's order issued in cases arising under the APDRA. Morel v.

State Farm Ins. Co., 396 N.J. Super. 472, 475 (App. Div. 2007).

Courts have adhered to this general rule, reserving, for policy

matters, the exercise of their supervisory jurisdiction over the

trial court. See Mt. Hope, supra, 154 N.J. at 152 (noting that

only "'rare circumstances' grounded in public policy [] might

compel this Court to grant limited appellate review"). The "rare

circumstances" enabling further review beyond the trial court in

APDRA matters arise only in situations where such appellate review

is needed to effectuate a "nondelegable, special supervisory

 6 A-2311-15T2
function," of the appellate court. Riverside Chiropractic Grp.

v. Mercury Ins. Co., 404 N.J. Super. 228, 239 (App. Div. 2008).

 In only a few exceptional instances has this court elected

to perform such appellate review in an APDRA matter. See, e.g.,

Selective Ins. Co. of Am. v. Rothman, 414 N.J. Super. 331, 341-42

(App. Div. 2010) (reversing a trial court's order erroneously

upholding a decision of a DRP, who failed to enforce a clear

statutory mandate involving a "matter of significant public

concern"), aff'd, 208 N.J. 580 (2012); Allstate Ins. Co. v. Sabato,

380 N.J. Super. 463, 473 (App. Div. 2005) (conducting appellate

review over a DRP's ruling on attorney's fees because the

reasonableness of counsel fees "comes within [the court's]

exclusive supervisory powers"); Faherty v. Faherty, 97 N.J. 99,

109 (1984) (exercising appellate review over a child support award

made by an arbitrator designated by the parties' divorce judgment);

see also Kimba Med. Supply v. Allstate Ins. Co., 431 N.J. Super.

463, 482 (App. Div. 2013) (invoking the jurisdictional exception

to undertake appellate review of unresolved and recurring legal

questions concerning the proper interpretation of APDRA, and to

clarify the trial court's ability to remand certain open issues

back to the dispute professional).

 In the event that such further judicial review is appropriate,

however, the appellate court's "role is to determine whether the

 7 A-2311-15T2
trial judge acted within APDRA's bounds. If so, [the appellate

tribunal is] bound by N.J.S.A. 2A:23A-18(b) to dismiss the appeal."

Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J.

Super. 99, 103 (App. Div. 2010). Fort Lee Surgery is an

instructive example of the general rule disfavoring this court's

involvement in APDRA matters. In Fort Lee Surgery we were asked

to determine whether the trial judge erred in modifying an

arbitrator's award issued under APDRA. We found that our appellate

review of the trial court in that matter was inappropriate and

declined to exercise jurisdiction. Id. at 104.

 We reasoned that because the Law Division judge had rested

her decision upon one of the enumerated statutory grounds set

forth in APDRA for vacating, modifying or correcting an arbitration

award, the Appellate Division had no cause to invoke its

supervisory function. Ibid.; see also Riverside Chiropractic,

supra, 404 N.J. Super. at 240 (declining appellate jurisdiction

because it was not shown that the trial judge "commit[ted] any

glaring errors that would frustrate the Legislature's purpose in

enacting the APDRA"); N.J. Citizens Underwriting Reciprocal Exch.

v. Kieran Collins, D.C., LLC, 399 N.J. Super. 40, 50 (App. Div.)

(likewise dismissing an appeal in an APDRA matter because the

trial judge "steered a course well within" the trial court's

limited scope of review), certif. denied, 196 N.J. 344 (2008).

 8 A-2311-15T2
 While we are mindful that "[t]he exercise of our supervisory

function cannot be talismanically eliminated by the mere

invocation of the words of the [APDRA] statute," Fort Lee Surgery,

supra, 412 N.J. Super. at 104, we decline to exercise our

supervisory function to review the merits of this billing dispute

over PIP benefits. There is nothing momentous, legally or

factually, about this case. The amount in dispute here is

relatively small. No significant issues of public policy are

implicated. We do not discern that Judge Gardner approached the

merits of this dispute outside the proper boundaries of the APDRA.

Therefore, finding no basis to invoke our supervisory function and

no rare circumstance grounded in public policy to invoke our

appellate jurisdiction, we dismiss SBMC's appeal of the January

8, 2016 order.

 Dismissed.

 9 A-2311-15T2