**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0862-22

COMPREHENSIVE PAIN
SOLUTIONS OF NEW JERSEY,
PC a/a/o WILLIAM BEARD,

    Plaintiff-Appellant,

v.

OMNI INSURANCE COMPANY
c/o GOOD 2 GO AUTO
INSURANCE,

    Defendant-Respondent.

_____

        Submitted December 5, 2023 – Decided March 7, 2024

        Before Judges Gooden Brown and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1875-22.

        Betzner Law, PC, attorneys for appellant (Gerald J. Betzner Jr., on the briefs).

        Methfessel & Werbel, attorneys for respondent (Jared Paul Kingsley, on the brief).

PER CURIAM

Plaintiff Comprehensive Pain Solutions of New Jersey, P.C. (Comprehensive) appeals from the October 11, 2022, Law Division order denying its application to vacate an arbitration award under the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -19. The dispute resolution professional (DRP) had rejected plaintiff's claim for reimbursement of $4,258.75 from defendant Omni Insurance Company (Omni), a Pennsylvania insurer, for personal injury protection (PIP) coverage for William Beard, Omni's insured, because Omni was not subject to the New Jersey "deemer" statute, N.J.S.A. 17:28-1.4. In plaintiff's ensuing summary action in the Superior Court seeking to vacate the DRP's decision, the trial judge agreed that Omni was not subject to the deemer statute and confirmed the award. Because N.J.S.A. 2A:23A-18(b) bars appellate review of a trial judge's decision to confirm, vacate, or modify an arbitration award except in rare circumstances not applicable here, we dismiss the appeal for lack of jurisdiction.

By way of background, the New Jersey deemer statute "sought to ensure that New Jersey-authorized insurance companies provide to their out-of-state insureds traveling in New Jersey the same protections required of in-state insured vehicles." Gov't Emps. Ins. Co. v. Allstate Ins. Co., 358 N.J. Super. 555, 561 (App. Div. 2003) (citing Martin v. Home Ins. Co., 141 N.J. 279, 282

2                                                          A-0862-22

(1995)). To that end, "[t]he deemer statute requires some insurers to include in their out-of-state policies PIP and other New Jersey coverages to be available whenever the insured automobile is operated within this State." Id. at 560. "[F]rom this consequence, the law acquired the name by which it is commonly known, the deemer statute." Ibid.

Specifically, the statute provides:

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] . . . whenever the automobile or motor vehicle insured under the policy is used or operated in this State. In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of [N.J.S.A. 39:6B-1(a)] or [N.J.S.A. 39:6A-3], the uninsured motorist insurance requirements of [N.J.S.A. 17:28-1.1(a)], and personal

3

injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] or of [N.J.S.A. 17:28-1.3], whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[N.J.S.A. 17:28-1.4].

N.J.S.A. 39:6A-4 provides that every standard automobile liability insurance policy "shall contain personal injury protection benefits for the payment of benefits" to an insured regardless of fault, and states that "'[p]ersonal injury protection coverage' means and includes . . . [p]ayment of medical expense benefits . . . for reasonable, necessary and appropriate treatment . . . to persons sustaining bodily injury, in an amount not to exceed $250,000 per person per accident."

Turing to the facts, the material facts in this appeal are not disputed. On June 21, 2020, Beard, a Pennsylvania resident, sustained physical injuries in an automobile accident that occurred in New Jersey. Beard received medical treatment from plaintiff from October 21, 2020, to October 1, 2021, totaling $4,258.75. At the time, Beard was insured under an automobile insurance policy issued by Omni in Pennsylvania. The policy contained a $5,000 coverage limit for no-fault medical expense benefits. When plaintiff submitted the medical bills to Omni for payment, Omni denied payment stating the $5,000 no-fault medical expense policy limit had been paid out and was exhausted.

4

In response, on August 12, 2021, as an assignee of Beard, plaintiff filed a no-fault PIP arbitration proceeding against Omni pursuant to N.J.S.A. 39:6A-5.1. N.J.S.A. 39:6A-5.1 grants parties the authority to elect arbitration to remedy "[a]ny dispute regarding the recovery of medical expense benefits or other benefits provided under [PIP] coverage." N.J.S.A. 39:6A-5.1(a). If a party elects the arbitration process, the PIP statute mandates that "[a]ll decisions of the [arbitrator] shall be binding." N.J.S.A. 39:6A-5.1(c).

Plaintiff submitted the dispute to Forthright, an entity that administers PIP arbitrations pursuant to the New Jersey Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35. Plaintiff demanded payment based on the deemer statute, claiming Omni was required to provide PIP coverage up to $250,000 per accident as prescribed by N.J.S.A. 39:6A-4(a). In support, plaintiff asserted that although Omni was not licensed or authorized to do business in New Jersey, Omni's parent company was also the parent company of Personal Service Insurance Company (PSI), an insurance company authorized to do business in New Jersey. Therefore, according to plaintiff, Omni and PSI were affiliated entities because they were under the common control of the same parent company, American Independent Companies, Inc. (American).

A-0862-22

Relying on a screenshot of American's LinkedIn page, plaintiff claimed American rebranded to "Good2Go Auto Insurance" and American's member companies, which included Omni and PSI, were consolidated under the "Good2Go Auto Insurance brand umbrella [which] enhanced the name recognition of Good2Go Auto Insurance." Plaintiff also asserted that several of the communications between Omni, Beard, and plaintiff were on Good2Go letterhead.

Following the submission of arbitration statements and oral argument, on June 10, 2022, the DRP entered an award in favor of Omni. The DRP concluded Omni had "exhausted all coverage available under the . . . policy" and Omni was not subject to the deemer statute. The DRP explained:

> [T]he Pennsylvania $5,000[ m]edical [p]ayment limit has been paid out and the policy has been exhausted. The evidence submitted reveals that Omni is not licensed in New Jersey and is not authorized to do business in New Jersey. This matter involves a Pennsylvania policy, a Pennsylvania Insurance Company and a Pennsylvania insured. . . . [N]either Omni, nor its parent company, American . . . , was transacting or authorized to transact any insurance business in New Jersey on the date of the [accident]. . . . [N]o New Jersey court has ever decided that the [d]eemer [s]tatute applies to a company that does no insurance business in this State.

6

Thereafter, on July 21, 2022, plaintiff filed a verified complaint and order to show cause, seeking to vacate the DRP's decision in a summary proceeding under Rule 4:67-2(a). Relying on N.J.S.A. 2A:23A-13(c)(5), plaintiff alleged the DRP committed prejudicial error by misapplying the law to the facts. Following oral argument, the judge issued an order and supporting oral decision on October 11, 2022, denying plaintiff's application.

In his decision, the judge agreed that Omni was not subject to the deemer statute, reasoning that Omni did no business in New Jersey and, other than being owned by the same company, PSI had no control over or relationship with Omni. See Gov't Emps. Ins. Co., 358 N.J. Super. at 575 (interpreting the deemer statute to apply "to insurers authorized to transact or transacting automobile or motor vehicle insurance business in this State and to carriers controlling or affiliated with the authorized insurer who are authorized to transact some insurance business in New Jersey"); cf. Arevalo v. Omni Ins. Co., 490 F. Supp. 3d 893, 898 (E.D. Pa. 2020) (interpreting the deemer statute to reach "any insurer who does not transact automobile insurance in New Jersey so long as the insurer is affiliated with an insurer authorized to transact or transacting automobile or motor vehicle insurance business in New Jersey"). This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

A-0862-22

[I.]  THE TRIAL [JUDGE] ERRED SINCE N.J.S.A. 17:28-1.4 REQUIRES OMNI TO PROVIDE NO-FAULT MEDICAL EXPENSE COVERAGE UP TO $250,000.

[II.]  THE TRIAL COURT ORDER SHOULD BE REVERSED, THE ARBITRATION AWARD SHOULD BE VACATED, CORRECTED AND JUDGMENT ENTERED WITH ATTORNEY FEES AND COSTS.

"[T]he Legislature enacted APDRA to 'create a new procedure for dispute resolution which would be an alternative to the present civil justice system and arbitration system in settling disputes.'" N.J. Mfrs. Ins. Co. v. Specialty Surgical Ctr. of N. Brunswick, 458 N.J. Super. 63, 69 (App. Div. 2019) (quoting Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 145 (1998)).  "It is intended to provide a speedier and less expensive process for resolution of disputes than traditional civil litigation . . . ." Ibid. (alteration in original) (quoting Mt. Hope Dev. Assocs., 154 N.J. at 145).  "Additionally, the Legislature intended for APDRA to provide 'a formal method of resolving disputes with predictable rules, procedures, and results . . . ." Ibid. (alteration in original) (quoting Mt. Hope Dev. Assocs., 154 N.J. at 145).

To that end, pursuant to N.J.S.A. 2A:23A-13(a), a party to an APDRA proceeding may request the Superior Court to vacate, modify or correct an arbitration award upon commencing a summary application.  When considering

an application for such relief, "a decision of the umpire on the facts shall be final if there is substantial evidence to support that decision."  N.J.S.A. 2A:23A-13(b).  See Mt. Hope Dev. Assocs., 154 N.J. at 149 (observing that "limited judicial review is a central component of the APDRA").

N.J.S.A. 2A:23A-13(c) provides five grounds for vacating an arbitrator's award.  Here, plaintiff sought to vacate the award pursuant to N.J.S.A. 2A:23A-13(c)(5), which provides that the arbitrator's award may be vacated if "[t]he umpire[] commit[ted] prejudicial error by erroneously applying law to the issues and facts presented for alternative resolution."  "[O]nly if the judge concludes the umpire's application of the law to the facts was 'prejudicial[ly] erro[neous]' may the judge 'vacat[e] or modify[ ] the erroneous determination,' and apply the 'applicable law' to reach the proper result."  Monmouth Med. Ctr. v. State Farm Indem. Co., 460 N.J. Super. 582, 591 (App. Div. 2019) (alterations in original) (quoting N.J.S.A. 2A:23A-13(f)).  If the trial judge denies the application to vacate or modify, the arbitration award shall be confirmed.  N.J.S.A. 2A:23A-14.

N.J.S.A. 2A:23A-18(b) provides that

> Upon the granting of an order confirming, modifying[,] or correcting an award, a judgment or decree shall be entered by the court in conformity therewith and be enforced as any other judgment or

A-0862-22

decree. There shall be no further appeal or review of the judgment or decree.

Thus, "[a]ccording to the statute, that judicial scrutiny by the trial court should constitute the final level of appellate review." N.J. Mfrs. Ins. Co., 458 N.J. Super. at 67-68.

Therefore,

> [b]ased on the explicit language in the statute, "appellate review is generally not available" to challenge a trial judge's order issued in cases arising under the APDRA; however, "there are exceptions." Morel v. State Farm Ins. Co., 396 N.J. Super. 472, 475 (App. Div. 2007). In [Mt. Hope Development Associates, 154 N.J. at 152], our Supreme Court identified a child support order as an example of such an exception. In addition, the Court indicated there may be other ["]'rare circumstances' . . . . where public policy would require appellate court review," including cases where review is necessary for it to carry out its "supervisory function over the courts." Ibid. (quoting Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 364-65 (1994)).

> The "rare circumstances" enabling further review beyond the trial court in APDRA matters arise only in situations where such appellate review is needed to effectuate a "nondelegable, special supervisory function," of the appellate court. Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 239 (App. Div. 2008) (citing Mt. Hope Dev. Assocs., 154 N.J. at 152). In a few exceptional instances, we have elected to perform such appellate review in an APDRA matter. See, e.g., Selective Ins. Co. of Am. v. Rothman, 414 N.J. Super. 331, 341-42

10

(App. Div. 2010) (reversing a trial court's order erroneously upholding a decision of a DRP, who failed to enforce a clear statutory mandate involving a "matter of significant public concern") . . . ; [Kimba Med. Supply v. Allstate Ins. Co., 431 N.J. Super. 463, 482 (App. Div. 2013)] (invoking the jurisdictional exception to undertake appellate review of unresolved and recurring legal questions concerning the proper interpretation of APDRA).

[N.J. Mfrs. Ins. Co., 458 N.J. Super. at 68-69 (fourth alteration in original).]

Thus, absent "rare circumstances," an appellate court has "no jurisdiction to tamper with the [trial] judge's decision or do anything other than recognize that the judge has acted within his[ or her] jurisdiction." Monmouth Med. Ctr., 460 N.J. Super. at 590 (quoting N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., L.L.C., 399 N.J. Super. 40, 48 (App. Div. 2008)). Indeed, when "the trial judge act[s] within APDRA's bounds," "N.J.S.A. 2A:23A-18(b) requires a dismissal of an appeal of that determination regardless of whether we may think the trial judge exercised that jurisdiction imperfectly." Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J. Super. 99, 103-04 (App. Div. 2010).

Any other view of our appellate jurisdiction "would conflict with the Legislature's expressed desire in enacting APDRA to eliminate appellate review in these matters." Id. at 104; see, e.g., N.J. Citizens Underwriting Reciprocal

11

Exch., 399 N.J. Super. at 50 (dismissing appeal because the trial court "steered a course well within the confines of N.J.S.A. 2A:23A-13(c)(5)"); Riverside Chiropractic Grp., 404 N.J. Super. at 240 (dismissing appeal because the trial court "did not commit any glaring errors that would frustrate the Legislature's purpose in enacting the APDRA" but "correctly applied the relevant provisions of the statute to the facts at issue"); see also Fort Lee Surgery Ctr., Inc., 412 N.J. Super. at 104 (dismissing appeal "[b]ecause the judge navigated within APDRA's parameters, . . . regardless of whether we might have decided the merits differently").

Adhering to these principles, we are satisfied that the order under review falls within the parameters of N.J.S.A. 2A:23A-18(b). Therefore, we dismiss the appeal because the judge properly exercised the authority granted to him under the APDRA, and adhered to the statutory grounds in confirming the DRP award. "Because the judge navigated within [the] APDRA's parameters," Fort Lee Surgery Ctr. Inc., 412 N.J. Super. at 104, "there is no principled reason for the exercise of our supervisory jurisdiction, or any unusual circumstances where public policy would require our intervention." Monmouth Med. Ctr., 460 N.J. Super. at 591.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0862-22